Filed 5/8/14  P. v. Ellis CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064978 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD246881) |
| TOMMY LAMONT ELLIS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia Eyherabide, Judge.  Affirmed.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.

Tommy Lamont Ellis entered into a plea agreement under which he pleaded guilty to transporting methamphetamine (Health & Saf. Code, § 11379, subd. (a)).  The parties agreed to dismiss the balance of the charges and stipulated to a term of three years, stayed pending completion of drug court probation.  Ellis was found not suitable for drug court.

Ellis requested and received a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, ostensibly to seek removal of trial counsel. At the hearing Ellis did not request replacement of counsel but argued for a drug program. Ellis was sentenced to the stipulated term of three years in prison.

Ellis filed a timely notice of appeal but did not request a certificate of probable cause.

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) raising possible but not arguable issues. We offered Ellis the opportunity to file his own brief on appeal, but he has not responded.

STATEMENT OF FACTS

Since this is an appeal from a guilty plea, it is sufficient to note that Ellis admitted transporting methamphetamine.

DISCUSSION

As we have previously noted, appellate counsel has filed a brief indicating she is unable to identify any argument for reversal and asks this court to review the record for error as mandated by *Wende, supra*, 25 Cal.3d 436. Pursuant to *Anders, supra*, 386 U.S. 738, the brief identifies possible but not arguable issues:

1. Whether the trial court abused its discretion in failing to replace appointed counsel?

2. Whether the court should have appointed new counsel to argue a possible motion to withdraw the guilty plea based on ineffective assistance of counsel?

2

We have reviewed the entire record in accordance with *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738 and have not found any reasonably arguable appellate issues.  Competent counsel has represented Ellis on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

IRION, J.